# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

VALDY OLENDER,

        Plaintiff,

                                  Case No. 8:07-cv-00930-EAK-EAJ

UNITED STATES OF AMERICA and
INTERNAL REVENUE SERVICE,

        Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO DISMISS

This cause is before the Court on Defendants' Motion to Dismiss, filed on July 26, 2007. (Dkt. 9). For the reasons below, this Court **DENIES** the Motion to Dismiss.

## BACKGROUND AND PROCEDURAL HISTORY

At some point, the Internal Revenue Service levied the Plaintiff's wages for what it describes as unpaid taxes for the 1999 tax year. The Plaintiff filed an action for damages under 26 U.S.C. §7433, which authorizes civil damages for prohibited collection actions by the Internal Revenue Service. After his first administrative claim for damages was denied, the Plaintiff filed suit in this Court. See Case No. 8:05-2019-T-27MAP, 2006 WL 1559258 (M.D. Fla. April 20, 2006). The case was dismissed for lack of subject matter jurisdiction because the Plaintiff failed to exhaust all administrative remedies as required by 26 U.S.C. §7433(d)(1). Id.

On May 26, 2006, the Plaintiff initiated a second administrative claim under 26 U.S.C. §7433 with the Internal Revenue Service. This claim was denied on July 14, 2006, in a letter addressed to the Plaintiff. The letter noted that the Plaintiff is "not entitled to request any

additional administrative appeals." (Dkt. 1). The letter went on to say the Plaintiff may file a civil action in "federal district court." (Dkt. 1).

The Plaintiff initiated this suit on May 31, 2007, requesting statutory damages of $100,000.00 and actual costs. (Dkt. 1). The Defendants filed their Motion to Dismiss on the basis that this Court lacks subject matter jurisdiction because the Plaintiff has not exhausted all administrative remedies and because the Plaintiff cannot recover damages beyond what the Internal Revenue Service is willing to give the Plaintiff. (Dkt. 9).

## STANDARD OF REVIEW

### *12(b)(1)*

A plaintiff's complaint should be dismissed where the court lacks jurisdiction over the subject matter. Fed.R.Civ.P. 12(b)(1). Challenges to subject matter can be challenged facially or factually. <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1529 (11th Cir. 1990). Facial attacks on the complaint require the court merely to determine if the plaintiff has sufficiently alleged a basis of the subject matter jurisdiction, and the allegations in the complaint are taken as true. <u>Id</u>. At 1529. Factual attacks challenge the existence of subject matter irrespective of the pleadings, and matters outside the pleadings are considered. <u>Id</u>. No presumptive truthfulness attaches to the plaintiff's allegations in a factual attack, and the existence of disputed material facts will not preclude the trial court from evaluating the merits of the jurisdictional claims. <u>Id</u>.

### *12(b)(6)*

Any defendant may move to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed.R.Civ.P. 12(b)(6). Under the 12(b)(6) analysis, the party moving

for dismissal has the burden to prove that no claim has been supported. The movant must show beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Fuller v. Johannessen, 76 F.3d 347, 349-350 (11th Cir. 1996). The courts disfavor this dismissal because it terminates cases on their merits. United States v. Baxter Int'l. Inc., 345 F.3d 866, 881 (11th Cir. 2003).

During this review, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Brandt v. Basset, 69 F.3d 1539, 1550 (11th Cir. 1995).

## DISCUSSION

### *EXHAUSTION OF ADMINISTRATIVE REMEDIES*

The Defendants assert in their Motion to Dismiss that the Plaintiff's claim fails for lack of subject matter jurisdiction, ostensibly under 12(b)(1), because the Plaintiff has not met the statutory prerequisite of exhausting all administrative remedies as iterated in 26 U.S.C. 7433(d)(1). The Plaintiff's previous case was dismissed for this very reason. 2006 WL 1559258 (M.D. Fla. April 20, 2006). However, the Court finds that this record demonstrates that the Plaintiff exhausted all administrative remedies before filing this action.

The Plaintiff's complaint (Dkt. 1) includes a copy of the Internal Revenue Service's letter that states "[y]ou are not entitled to request any additional administrative appeals of this decision." The letter goes on to state "if you wish to take further action, you may file a civil action for damages under Treasury Regulation 301.7433-1 in federal district court." (Dkt. 1).

The Co-Defendant, the Internal Revenue Service cannot explicitly deny further administrative action to the Plaintiff and then claim administrative remedies have not been

3

exhausted. Additionally, the Defendants' Motion to Dismiss references this letter as an appropriate holding of the Internal Revenue Service and does not express any further administrative remedy that may be available to the Plaintiff. (Dkt. 9). Therefore, the Defendants' first claim of lack of subject matter jurisdiction fails.

*STATUTORY DAMAGES*

The Defendants' second claim is that the Plaintiff lacks jurisdiction because he fails to state a claim upon which relief may be granted, ostensibly under 12(b)(6). (Dkt. 9). The Defendants are willing to provide the Plaintiff with $5,387.11 which the Internal Revenue Service levied and a $350.00 filing fee. (Dkt. 9). The Plaintiff has requested $100,000.00 statutory damages, $5,387.11 levy refund, costs, and fees. (Dkt. 1).

Section 7433(b), sets the maximum recovery "...equal to the lesser of $1,000,000 ($100,000 in the case of negligence) or the sum of - - (1) actual, direct economic damages sustained by the plaintiff... and (2) the costs of the action." Because the plain language of this statute sets a maximum recovery rather than statutory penalty, the Plaintiff may not recover $100,000.00 in damages contemplated in the Complaint. (Dkt. 1). Therefore, the Court cannot grant such fees.

*ACTUAL DAMAGES*

However, Section 7433(b) contemplates recovery of actual damages and costs of the action. The Defendants state the Plaintiff's claim is moot because he can recover no more than the Internal Revenue Service will freely provide to the Plaintiff. (Dkt. 9). The Defendants have identified recoverable amounts of $5,387.11 for levied funds and $350.00 for filing fees, which they are willing to pay to Plaintiff. (Dkt. 9). The Defendants claim that $40.00 for mailing of

4

summonses and $50.00 for transportation costs are not recoverable here because these costs relate to a previous suit. (Dkt. 9).

While it is true that the Plaintiff may recover costs incurred during this action, the Plaintiff may also recover actual economic damages incurred as a proximate result of the actions of an Internal Revenue Service employee.  26 U.S.C. 7433(b).  At the very least, the Defendants' Motion to Dismiss contemplates the cost of mailing summons and transportation costs. (Dkt. 9). Certainly, these costs may have been incurred by the Plaintiff in this action.  Therefore, the Plaintiff may recover more than the Internal Revenue Service plans to pay the Plaintiff and the claim for damages is not moot.

Rule 12(b)(2) requires that the movant prove beyond doubt that the plaintiff prove no set of facts in support of his claim that would entitle him to relief. <u>Fuller</u>, 76 F.3d 347.  This is a high burden that has not been met by the Defendants.  Further, jurisdiction may be appropriate no matter how small the amount in controversy.  26 U.S.C. 7433(d)(3).  Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss be **DENIED** and the Defendants have ten days from this date to answer the Complaint.

**DONE and ORDERED** in Chambers, in Tampa, Florida this 17th day of September, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record