**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VALDY OLENDER,
        Plaintiff,

vs.                                                    CASE NO. 8:07-CIV-930-T-17-EAJ

UNITED STATES OF AMERICA,
        Defendant.

                                                        /

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

        The cause is before the Court on defendant's motion for summary judgment (Docket No.

24), response from the plaintiff (Docket No. 27), and reply thereto (Docket No. 28).  The

plaintiff filed suit seeking damages stemming from a wrongful levy, pursuant to 26 U.S.C. §

7433.  After the filing of the complaint, the defendant offered to return to the plaintiff the alleged

wrongful levy, in the amount of $5,387.11, and the filing fee of $350.00.  The defendant asked

the Court to dismiss the remainder of the complaint, including $100,000.00 in statutory damages

and certain costs associated with a prior case.  By order (Docket No. 14), the Court granted the

request as to the claim for statutory damages but found that the plaintiff should have the

opportunity to establish entitlement to other costs than the $350.00 filing fee.  The government

concedes that there are factual issues in regard to certain costs which might be reimbursable,

copy expenses, mailing, etc.

CASE NO. 8:05-CIV-1086-T-17-MAP

The issue before the Court on the motion for summary judgment related to certain costs

which the plaintiff is attempting to assert and which are new claims made by the plaintiff and

were not considered at the time of the motion to dismiss nor were they in the complaint.  These

new claims include: non-economic damages, i.e. pain and suffering (coincidentally for

$100,000.00 the amount already denied as statutory damages), damages for changing jobs,

attorney's fees, and a legal support service fee.


STANDARD OF REVIEW

This circuit clearly holds that summary judgment should only be entered when the

moving party has sustained its burden of showing the absence of a genuine issue as to any

material fact when all the evidence is viewed in the light most favorable to the nonmoving party.

**Sweat v. Miller Brewing Co.**, 708 F.2d 655 (11th Cir. 1983).  All doubt as to the existence of a

genuine issue of material fact must be resolved against the moving party.  **Hayden v. First**

**National Bank of Mt. Pleasant**, 595 F.2d 994, 996-7 (5th Cir. 1979), quoting **Gross v.**

**Southern Railroad Co.**, 414 F.2d 292 (5th Cir. 1969).  Factual disputes preclude summary

judgment.

The Supreme Court of the United States held, in **Celotex Corp. v. Catrett**, 477 U.S. 317,

91 L.Ed.2d 265, 106 S.Ct. 2548, (1986):

> In our view the plain language of Rule 56©) mandates the entry of summary
> judgment, after adequate time for discovery and upon motion, against a party who
> fails to establish the existence of an element essential to that party's case, and on
> which that party will bear the burden of proof at trial.  Id. at 273.

CASE NO. 8:05-CIV-1086-T-17-MAP

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond

the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and

admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" **Celotex**

**Corp.**, at p. 274.  As the district court in **Coghlan v. H.J. Heinz Co.,** 851 F.Supp. 808 (N.D.

Tex. 1994), summarized:

> Although a court must "review the facts drawing all inferences most favorable to the
> party opposing the motion,"...the nonmovant may not rest on mere allegations or denials
> in its pleadings; in short, "the adverse party's response... must set forth specific facts
> showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e).  However, merely
> colorable evidence or evidence not significantly probative will not defeat a properly
> supported summary judgment...The existence of a mere scintilla of evidence will not
> suffice...(cites omitted) at 810-811.

The Court must "draw inferences from the evidence in the light most favorable to the non-

movant and resolve all reasonable doubts in that party's favor." **Speciality Malls of Tampa v.**

**The City of Tampa**, 916 F.Supp 1222 (Fla. M.D. 1996).  (emphasis added) A court is not

required to allow a case to go to trial "when the inferences that are drawn from the evidence, and

upon which the non-movant relies are 'implausible.'" **Mize v. Jefferson City Board of**

**Education**, 93 F.3d 739, 743 (11th Cir. 1996).

DISCUSSION

In the order on motion to dismiss, the Court found that the plaintiff might be able to

recover "'actual economic damages incurred as a proximate result of the actions of an Internal

Revenue Service employee.'...the cost of mailing summons and transportation cost." Order at 5.

The motion for summary judgment and reply to the plaintiff's response are absolutely correct

that these "new" claims are not recoverable to the plaintiff.  It appears that the total amount of

CASE NO. 8:05-CIV-1086-T-17-MAP

actual assessable economic damages the plaintiff has requested amounts to $200.00, in addition

to the amounts already payable or paid, the alleged wrongful levy, in the amount of $5,387.11,

and the filing fee of $350.00.  Even though the government thinks the $200.00 is an overstated

amount for mailing, copying and travel, the government is willing to accept a judgment against it

in the amount of $200.00 to avoid a trial and resolve the case, assuming all other claims are

denied.

The Court has reviewed this entire case and is in complete agreement with the defendant.

The Court denied the motion to dismiss only as to allow the defendant to establish any

entitlement he might have for "actual economic damages incurred as a proximate result of the

actions of an Internal Revenue Service employee.", such as costs of mailing and transportation.

None of the new claims are available to the defendant.  Since the government is willing to accept

a judgment in the amount of actual economic costs alleged by the defendant in the amount of

$200.00, the Court will adopt this resolution of this case.  Accordingly, it is

**ORDERED** that the motion for summary judgment (Docket Nos. 24 and 28) be **granted**

and the Clerk of Court is directed to enter judgment for the plaintiff and against the defendant in

the amount of $200.00, in addition to the amounts already payable or paid, the alleged wrongful

levy, in the amount of $5,387.11, and the filing fee of $350.00. All other claims for costs are

denied.  The Clerk of Court is further directed to close this case.

CASE NO. 8:05-CIV-1086-T-17-MAP

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 4th day of June, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record